UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Defendant. | Case No.: 1:16-cv-00369-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND MOTION FOR ORDER TO SHOW CAUSE<br>(ECF Nos. 7, 11)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Andrew S. Andersen ("Plaintiff"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 17, 2016.  Currently before the Court are Plaintiff's motion for preliminary injunction, filed on April 11, 2016, and Plaintiff's motion for the court to issue an order to show cause why the motion for preliminary injunction should not be granted. (ECF Nos. 7, 11).  On October 3, 2014, Defendants filed a motion for partial summary judgment to revoke Plaintiff's in forma pauperis status and dismiss this action.  (ECF No. 35.)

**I.   Background**

　　　　On May 25, 2016, the Court screened Plaintiff's complaint and issued findings and recommendations recommending that (1) this action be dismissed for failure to state a claim, and (2) Plaintiff's pending motions be denied as moot.  (ECF No. 12).  Plaintiff filed objections to the findings and recommendations on June 22, 2016.  Following consideration of Plaintiff's objections,

1

the Court vacated the findings and recommendations and ordered Plaintiff file an amended complaint. (ECF No. 14). Plaintiff filed his first amended complaint on July 20, 2016. (ECF No. 15). The Court has not yet screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A.

**II.     Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

In his motion for injunctive relief, Plaintiff requests that the Court order the defendant, his successor, agents, employees and all other persons working in concert with defendant to provide Plaintiff with "the wherewithal to have a realistic opportunity to meet the parole suitability requirements of the Board of Parole Hearings," which should "include a treatment program designed to meet the BPH criteria as well [as] any other additional resources and services as needed." (ECF No. 7 at 2-3.) Plaintiff also requests that any transfer necessary to fulfill these requirements not result in the Plaintiff losing property or his rehabilitation materials. (*Id.* at 3.)

The Court has not screened Plaintiff's first amended complaint to determine whether Plaintiff states a cognizable claim. Therefore, at this stage of the proceedings, the Court does not have before it an actual case or controversy. The Court also does not have jurisdiction over the defendant in this action, as no service of the complaint has been ordered. Thus, the Court does not have jurisdiction at this time to issue any preliminary injunctive relief. Plaintiff's first amended complaint will be screened in due course. If it is determined that the amended complaint states cognizable claims for relief, Plaintiff may then seek preliminary injunctive relief related to those claims. Until such time, Plaintiff's request for a preliminary injunction is premature.

### III.     Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction, filed April 11, 2016, and his related motion for an order to show cause, filed on May 17, 2016, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 23, 2017**          /s/ Barbara A. McAuliffe
                                                                UNITED STATES MAGISTRATE JUDGE