UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW S. ANDERSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.<br><br>    Defendants. | Case No.: 1:16-cv-00369-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF No. 19)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Andrew S. Andersen ("Plaintiff") is a state prisoner of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on July, 25 2016, is currently before the Court for screening.

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff is currently housed at Valley State Prison ("VSP") in Chowchilla, California. He brings suits against Governor Edmund G. Brown, Jr., Secretary of the Department of Corrections and Rehabilitation Scott Kernan, and Executive Officer of the Board of Parole Hearings Jennifer Shaffer.

Plaintiff alleges as follows: In August 2006, after signing a plea bargain, Plaintiff was sentenced to fifteen years to life, with the possibility of parole. He was convicted on one count under California Penal Code 288(a) (lewd or lascivious act with a child under the age of fourteen).

In August 2009, Plaintiff met with a Board of Parole Hearings ("BPH") Commissioner. The Commissioner gave Plaintiff instructions on what he needed to do to qualify for release. These instructions included attending self-help groups and therapy related to his crime. Quality of these groups was emphasized over quantity.

On November 17, 2015, Plaintiff attended his initial BPH suitability hearing. Plaintiff was denied parole eligibility because he was unable to show sufficient evidence of rehabilitation. The BPH panel set Plaintiff's next hearing for November 2020 and instructed Plaintiff to attend sex offender treatment, self-help groups and therapy related to his crime. Plaintiff alleges that he will not

be able to obey the instructions because those programs, groups and therapies do not exist or are not available to him. Based on Plaintiff's history of unstable relationships, the panel also required that Plaintiff show evidence of "a lengthy period of rehabilitation" before his next hearing. (ECF No. 15 at p. 11.) Plaintiff asserts that he has been unable to create a history of rehabilitation and cannot accumulate evidence of rehabilitation because the state either does not provide the means to accumulate such evidence or obstructs access to the means to create such evidence.

Since 2007, Plaintiff alleges that he has attempted to attend every non-religious self-help group or other program related to criminal thinking and victim awareness. There are no programs specifically for sex offenders. Plaintiff was not able to attend any self-help groups for four years due to factors including overcrowding and inmate-run self-help groups are allowed to exclude sex offenders. Plaintiff first attended a self-help group in December 2011 with a group called "Yoke Fellows." After Yoke Fellows, Plaintiff was never ducated to attend another program until 2013, when he was ducated for a coping skills class and a one-day session for victim's awareness. Since 2013, Plaintiff has not been ducated to any Inmate Leisure Time Activity Groups, which are inmate-run self-help groups. These groups are required to be open to all inmates.

On October 1, 2015, Plaintiff was interviewed by a forensic psychologist of the Forensic Assessment Division of the BPH pursuant to CCR § 2240 for a psychological Comprehensive Risk Assessment. Plaintiff was assigned a "Moderate Risk" score for the HCR-20 V3, regarding general future violence. The psychologist instructed Plaintiff to take "Sex Offender Treatment" to lower a "Moderate" risk score to "Low" risk score. Lowering his HCR-20 V3 from "Moderate" to "Low" is mandatory before Plaintiff can be found suitable for release. Plaintiff alleges that he cannot lower his risk score without showing evidence that he underwent professional treatment in prison. However, Plaintiff alleges that the state is prolonging his sentence by impeding his ability to qualify for parole and he will not be able to the meet the criteria of the BPH panel for the next hearing or any other hearing because he cannot show evidence that he participated in the required programs, groups, therapy, treatment and education. Plaintiff also alleges that the policies of the CDCR preclude him from requesting an advanced hearing, since he is unable to achieve a "building block" of attending the required groups, programs, treatment, therapy and education.

Plaintiff alleges that all the impediments he has encountered by CDCR and BPH to fulfilling his suitability requirements have also happened to all other sex offenders.

Plaintiff asserts causes of action for violations of the Fourteenth and Eighth Amendments. Plaintiff seeks declaratory judgment and injunctive relief.

### III. Discussion

#### A. Fourteenth Amendment

##### 1. Due Process

Plaintiff's Due Process claims all stem from allegations that he is being unlawfully denied the ability to qualify for parole because necessary rehabilitation programs are not available or he is unable to participate in them as a sex offender. Plaintiff's first amended complaint fails to state a cognizable Due Process claim.

Under the Due Process Clause of the Fourteenth Amendment, the government cannot deprive a person of "life, liberty, or property" without the due process of law. U.S. Const. amend, XIV. A due process claim, whether procedural or substantive, exists only where a constitutionally protected liberty or property interest is at stake. *Ingraham v. Wright*, 430 U.S. 651, 672 (1977). A liberty interest may arise from either the constitution itself or from state law. *Meachum v. Fano*, 427 U.S. 215, 225-26 (1976).

With respect to participation in rehabilitation, prisoners have no liberty interest in rehabilitative programs arising directly from the Constitution. *See Moddy v. Daggett*, 429 U.S. 77, 88 n. 9 (1976) (finding no due process right in "eligibility for rehabilitative programs" in the federal prison system); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (finding that there "is no constitutional right to rehabilitation" and thus no right to access rehabilitative services). Moreover, the Ninth Circuit has rejected a right to sex offender treatment arising directly from the Constitution. *See Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 470 (9th Cir. 1989). State law also does not create a liberty interest in rehabilitative programs or sex offender treatment for purposes of parole, as such participation is not statutorily required for parole suitability. *See* Cal. Code Regs tit. 15, § 2281 (programming only one of several factors to be considered when determining suitability for parole).

Plaintiff also alleges that his right to parole has been infringed because the BPH requires him to complete rehabilitation programs that are unavailable and the parole decision was biased. Plaintiff does not have a liberty interest in parole arising from the Constitution. In *Swarthout v. Cooke*, 562 U.S. 216 (2011), the Supreme Court expressly indicated that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence . . . ." *Id.* at 220. To the extent that California law creates a liberty interest in parole, however, "the Due Process Clause requires fair procedures for its vindication," and federal courts merely "review the application of those constitutionally required procedures." *Id.* In the context of parole, the required procedures are minimal, and a prisoner receives adequate process where he is allowed an opportunity to be heard and is provided a statement of the reasons why parole is denied. *Id.* Here, Plaintiff does not allege that he was denied the constitutionally required procedures. Furthermore, review of the instant case reveals that Plaintiff was present at his hearing, was provided an opportunity to be heard, and was provided a statement of the reasons for the parole board's decision. (*See* ECF No. 15 at ¶¶ 16-20; ECF No. 1 at Ex. B.)

To the extent that Plaintiff is alleging a deprivation of substantive due process rather than procedural due process, he also has failed to state a claim. For a substantive due process violation, the conduct at issue must be arbitrary, or shock the conscience and violate the decencies of civilized conduct. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998). Here, Plaintiff contends that his substantive due process rights were violated because the State has failed to provide affirmative assistance in meeting BPH's criteria for early release, and CDCR does not have resources for sex offenders. However, Plaintiff has failed to demonstrate that rehabilitative programs are wholly unavailable to him as a sex offender. As admitted, Plaintiff has signed up for all available non-religious self-help groups and programs related to criminal thinking and victim awareness, he participated in Yoke Fellows and is on the wait list for several other available rehabilitative programs. (ECF No. 15 at p. 10.)

For these reasons, Plaintiff fails to state a Due Process claim.

///

///

5

### 2. Equal Protection

Plaintiff alleges that Defendants are violating his rights under the Equal Protection Clause of the Fourteenth Amendment by providing programs and resources for all life-term crimes except sex offenses. The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne Living Center, Inc.*, 473 U.S. 432, 439, 105 S. Ct. 3249, 87 L.Ed. 2d 313 (1985). An equal protection claim may be established by demonstrating that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race. *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005). However, sex offenders are not a suspect or protected class for purposes of the Equal Protection Clause. *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001).

Where no suspect class or fundamental right is implicated, a plaintiff's equal protection claims are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Juvenile Male*, 670 F.3d at 1009; *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

The practice of excluding inmates sentenced to life for sex offenses who do not have a parole date from participating in certain rehabilitation programs is reasonably related to the legitimate penological interest of limiting participation to inmates who have a reasonable expectation in being released from prison. *See Anderson v. Beard*, 2014 WL 232108, at *3 (N.D. Cal. Jan. 21, 2014) (finding CDCR practice of excluding inmates sentenced to life who do not have a parole date from participating in certain rehabilitation programs "*clearly* reasonably related to the legitimate

6

penological interest of limiting participation to inmates who have a reasonable expectation in being released from prison").

For these reasons, the Court finds that Plaintiff cannot state an Equal Protection claim. This cannot be cured by amendment.

### B. Eighth Amendment

"The Eighth Amendment proscribes the infliction of cruel and unusual punishment on prisoners. Whether a particular event or condition in fact constitutes 'cruel and unusual punishment' is gauged against 'the evolving standards of decency that mark the progress of a maturing society.'" *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir. 2000) (*quoting Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (alteration in original) (internal quotation marks omitted) (*quoting Ingraham v. Wright*, 430 U.S. 651, 670 (1977)). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

Plaintiff alleges that the nature and duration of his confinement does not bear a reasonable relationship to a legitimate penological interest. He, and similarly situated incarcerated sex offenders, are not provided assistance by the state to accrue rehabilitation opportunities. Therefore, he argues, he has been subjected to cruel and unusual punishment. Plaintiff has not pled that his conditions of confinement have been inhumane. He does not allege that his shelter is inadequate, or that he was not provided food, clothing, sanitation, or medical care. Furthermore, he does not allege that his personal safety was compromised. Plaintiff's cruel and unusual punishment claim wholly relies upon CDCR not providing affirmative assistance in his rehabilitation efforts. However, deprivation of rehabilitation and educational programs does not violate Eighth Amendment. *Rhodes v. Chapman*, 452

U.S. 337, 348 (1981). For these reasons, Plaintiff has failed to state an Eighth Amendment claim. This cannot be cured by amendment.

### IV. Conclusion and Recommendation

Plaintiff fails to state a cognizable federal claim. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

Accordingly, the Court recommends that this action be DISMISSED without leave to amend due to Plaintiff's failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 20, 2017**        /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE